BOOTON

*v.*

BOOTON'S EX'RS *et al.*

(*Supreme Court of Appeals of Virginia, March 17, 1898.*)

[29 S. E. Rep. 823.]

### Wills—Devisees—Equality of Shares—Case at Bar.

Under a will providing that each of the children of testator should receive land as a part of his share of the estate, and that their respective shares should be as nearly equal as practicable, and should be made equal, where there was a difference in value, by contribution either in money or personal property, a son who had, many years before the final distribution, received in land and personalty more than an equal share of the estate distributed and that which remained for distribution, though the land received by him was of less value than that which another son had received, had no ground to complain that he was not allowed to receive anything on the final distribution, to the prejudice of others who had received less than he had.

### Same—Same—Same—Decrees.

In a proceeding to determine the respective rights of the claimants under a will providing that they should each receive land as a part of their shares, which should be equalized, in case of a difference in value, by contribution in money or personal property, it was the duty of the court to observe and enforce such principle of equality, in the final decree, though inconsistent with certain interlocutory decrees based on the erroneous assumption that there was sufficient property to equalize all such shares in the final distribution.

### Interlocutory Decree—Canceled by Final Decree.

A final decree inconsistent with certain interlocutory decrees in the same proceeding will not be reversed for the technical error of not having reheard and amended such decrees before entering the final decree, where appellant would not ultimately be benefited by such reversal.

**Wills—Devisees—Equality of Shares—Case at Bar.**

Where plaintiff and two other children of testator were each enti-
tled, under his will, to an equal share of his estate, and both the fund
remaining in the hands of the executors for distribution and the
proceeds of the sale of certain land were insufficient to make the
shares of the two other children equal to the property and moneys which
plaintiff had received, such fund and the amount for which such land
was sold were properly allowed to the other children, to the exclusion
of plaintiff.

**Commissioner's Report—Exception to—Error in Inventory—Case at
Bar.**

An exception to the report of the commissioner for failure to charge
executors with the full sum reported in the inventory as cash on hand
at the death of testator was without merit, where it was satisfactorily
shown that the amount so reported included, through mistake, the
result of collections made and the proceeds of personal property sold
by the executors after their qualification.

Appeal from circuit court, Madison county.

Bill by John Booton against Edwin Booton and another,
as executors of the will of John Booton, Sr., deceased, for
a construction of said will, and a determination of the
respective rights of the parties claiming thereunder.   From
decrees overruling plaintiff's exceptions to the report of the
commissioner therein, he appeals.   Affirmed.

*John E. Roller*, for appellant.

*James G. Field* and *F. M. & C. H. McMillan*, for appel-
lees.

RIELY, J., delivered the opinion of the court.

The assignments of error relate to the action of the circuit
court in overruling the exceptions of the appellant to the
report of Commissioner Taylor.

The first exception is for the failure of the commissioner
to credit the appellant with the sum of $2,154, with interest

thereon from the time that he came into possession of the land which was bought by the executors of his father under the authority vested in them by his will and turned over by them to the appellant; the said sum of $2,154 being the difference in value between the land devised to Edwin Booton and the tract which was received by the appellant.

It is apparent from the will that the testator designed that each of his children should receive land as a part of his share of the estate, and their respective shares in the realty should be as nearly equal as practicable. It was provided in the will that "the lots of less value should be made equal to the best by contribution either in money or personal property"; and he no doubt intended that this should be done, as the children severally came into possession of their respective lots, he having left an estate which he had every reason to believe was ample to this end.

But it is equally apparent from the will that it was his intention that equality should be the controlling principle in the division of his estate among his children. This intention is plainly manifested from the beginning to the end of his will, and any distribution that, in the final result, would produce inequality and injustice, would be contrary to his intention and subvert the scheme of his will.

The testator died in 1845, and left a large estate, consisting of real and personal property. He devised and bequeathed a large, if not the greater, part of it to his wife for her natural life. The property given to her would have been ample to make equal in the final distribution of his estate after her death the shares of all his children, if it had not been for the loss of property and great depreciation in values consequent upon the result of the war between the states. But when that period arrived—upwards of a quarter of a century after his death—the amount remaining for distribution, outside of the land devised to her for her life, was comparatively of small value.

If the difference of $2,154 between the value of the land devised to Edwin Booton and that received by the appellant had not been made good to the latter, and there remained for distribution property or funds sufficient for that purpose without doing injustice to any of the other children, the exception should have been sustained ; but it wholly ignores the fact, which is shown by the record, that he had long years ago received in land, slaves, and money more than an equal share of the estate distributed and that which remained for distribution.     He had no ground to complain that he was not allowed to receive anything from the remnant of property to be distributed, and the exception was properly overruled.

It was contended by the appellant that by the decree of October term, 1867, and that of April term, 1895, it was adjudged that the difference in value between the land devised to Edwin Booton and that given to him should be made equal as of the time he received it, and that the court could not in the final distribution of the estate of the testator disregard such adjudication, and, for the purpose of making up to him the difference between the said parcels of land, take into account the sums of money paid to him from time to time after the land came into his possession.     Those decrees were necessarily based upon the assumption that there was sufficient property to equalize the shares of all the children in the final distribution.     When it appeared to the court that this was not the case, it was its duty to observe and enforce the principle of equality according to the intention of the testator as disclosed in his will.

The decrees of October term, 1867, and April term, 1895, were merely interlocutory, and it was competent for the court to rehear and amend them.     Viewing the matter from a purely technical standpoint, this could only be done on a petition to rehear the said decrees.     If, however, we were to reverse the decrees complained of, for the error of not having reheard and amended the decrees of October term, 1867, and April term, 1895, before entering the decrees appealed from, in so far as

this may have been technically called for, they could be so amended upon a petition to rehear them when the cause got back to the circuit court, and, being reheard and amended, the same distribution would have to be made that has been made, and the appellant would be in no wise benefited by the reversal. "When, upon a survey of the whole record, a judgment or decree appears clearly to be substantially right, it ought to be affirmed, notwithstanding upon some particular point, not affecting the general merits, it may be open to question." 4 Minor, Inst. pt. 1, p. 780.

The second exception is to the allowance by the commissioner to Edwin Booton's estate of one-half of the fund in the hands of the executors for distribution, and of the other half to Dr. W. A. Hill and wife. Both this fund and the proceeds of the sale of the Goodwin tract of land were insufficient to make the shares of Edwin Booton and Mrs. Hill and the shares of A. P. H. Booton and Lucy M. H. Graves, deceased, equal to the property and moneys which the appellant had received, and the said fund and the amount for which the Goodwin land was sold were properly allowed to the other children to the exclusion of the appellant.

The third exception is for the same matter as the first exception, and need not be separately considered. It was likewise properly overruled, for the reasons given in disposing of the first exception.

The fourth exception is for the failure to charge the executors with the sum of $3,015.24, reported in the inventory of the estate of the testator as cash in hand at the death of the testator, instead of only $1,175. It was satisfactorily shown that the sum of $3,015.24 was entered in the inventory by the executors through mistake, and that the actual amount on hand at the death of the testator was $1,175, except between $50 and $100 in gold which was retained by the widow, and equally distributed among the legatees, including the appellant. The

difference between $3,015.24 and $1,175 was the result of collections by the executors, after their qualification, of debts due to the testator and of the sale of a lot of wheat.

The suit was brought by the appellant in 1857. Either from lack of interest, or the conviction that he had nothing to gain by its prosecution, he allowed it to slumber on the docket without any action being taken in it for nearly 30 years after the late war, and the consequent great loss and depreciation in the value of property. In the meantime Edwin Booton, who was a devisee and legatee, and also one of the executors, had died, and W. A. Hill, who was the other executor, and whose wife was likewise a devisee and legatee, had also died. These parties were materially interested in a proper final settlement of the estate. After such long lapse of time, and so great laches and the death of parties, the litigation should come to an end, and not be prolonged in consequence of the commission of a mere technical error, which did not affect the merits of the controversy.

The action of the circuit court, of which the appellant complains, was manifestly not to his prejudice, and the decrees appealed from must be affirmed.

CARDWELL, J., absent.